UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MISC. 3:19MC13

FILED
CHARLOTTE, NC
JAN 25 2019
US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| IN THE MATTER OF ) | IMPLEMENTATION |
| ADOPTING A PRISONER ) | ORDER |
| ASSISTANCE PROGRAM ) | |
| ) | |

By Order signed on January 24, 2019 ("Establishment Order"), the Court established a Prisoner Assistance Program ("PAP") for the Western District of North Carolina effective on or after the date of this Order. This matter is before the Clerk, pursuant to the Establishment Order, for implementation of the PAP. It is hereby **ORDERED** that the PAP shall be defined and shall operate as follows:

I.  **PURPOSE OF THE PAP**

The purpose of the PAP is to assist the administration of justice by providing incarcerated *pro se* litigants in civil rights cases who are proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, and whose cases are ready for trial, with the opportunity to receive the assistance of a lawyer. *Pro se* litigants do not have the absolute right to the opportunity to receive the appointment of counsel. Whether to provide counsel remains within the discretion of the District Court, and the Court may request that an attorney represent any person who is unable to afford counsel. The Court finds it appropriate to request assistance from a pool of volunteer lawyers when a *pro se* civil rights case involving an indigent prisoner is ready for trial.

II. **SCOPE OF THE PAP**

As directed by the Establishment Order, the PAP will be available for voluntary application in civil rights cases in which a *pro se*, incarcerated party has been permitted to proceed *in forma*

1

*pauperis* pursuant to 28 U.S.C. § 1915. Excluded from the PAP are cases filed under 28 U.S.C. § 2241, § 2254 or § 2255,[1] bankruptcy appeals, and social security cases.

## III. OPERATION OF THE PROGRAM

### A. Opt-In Notice Following Dispositive Motions

The initial stages of an incarcerated *pro se* litigant's case will proceed along the normal course including initial review, discovery, and motions to dismiss and/or for summary judgment.

If the case is not resolved or dismissed and is ready for trial, and the incarcerated *pro se* litigant remains unrepresented, the assigned *Pro Se* Law Clerk will notify the PAP Coordinator to send the incarcerated *pro* se litigant a Notice of Availability of the Prisoner Assistance Program ("PAP Opt-In Notice") from the Clerk's Office, which will be copied to the other parties via the ECF system. The purpose of the PAP Opt-In Notice is to inform the *pro se* litigant that the matter is eligible for the PAP. The PAP Opt-In Notice shall inform the *pro se* party and he or she has no right to the advancement of costs or expenses by the attorney and that the representation is limited to providing legal advice, counsel, and representation on behalf of the *pro se* party for the trial at issue, which will normally include participation at the pretrial conference, jury selection, and trial. Representation will not extend to any appeal or post-trial motions unless counsel specifically agrees to assume those duties.

The PAP Opt-In Notice will advise the incarcerated *pro se* litigant that he or she has a period of twenty-one (21) days within which to opt into the PAP ("Opt-In Period") by marking the Opt-In Notice where indicated and returning it to the Clerk's Office. Requests for extension of the Opt-In Period are discouraged but may be considered on a case-by-case basis if necessary.

---

[1] Appointments of counsel for petitions for writ of habeas corpus pursuant to §§ 2241 and 2254, and motions to set aside or vacate a sentence pursuant to § 2255, and all criminal matters are made from the Court's Criminal Justice Act panel.

2

## B. Identification of PAP Counsel

If the *pro se* incarcerated litigant either affirmatively opts out of the PAP or does not respond to the Opt-In Notice within the Opt-In Period, the case will not be admitted into the PAP and the case will proceed without a PAP lawyer.

If the *pro se* litigant wishes to opt into the PAP, the litigant must return the executed PAP Opt-In Notice to the Clerk within the twenty-one (21) day Opt-In Period. Upon receipt of a *pro se* litigant's timely affirmative PAP Opt-In Notice, the Law Clerk assigned to the case shall provide the Clerk's Office with a brief case summary describing the matters at issue in the upcoming trial.

The PAP Coordinator will maintain a list of attorneys who are admitted to practice and are in good standing in the District and/or the North Carolina State Bar and who have expressed a willingness to participate in the PAP. Attorneys are encouraged to accept *pro se* matters involving subject areas in which they are competent. Attorneys who are newly admitted to practice, or otherwise are less experienced with trials, are encouraged to shadow more experienced counsel and observe at least one trial before accepting representation individually.

Upon submission of the PAP Opt-In Notice by the *pro se* litigant, the PAP Coordinator will consult its list of PAP counsel, identify a potential PAP attorney, and contact that attorney to request that the attorney accept representation of the *pro se* litigant for purposes of trial. The potential PAP attorney will then perform a conflicts check on the involved parties and notify the PAP Coordinator if he or she will accept the representation within ten (10) days. If a PAP lawyer expresses willingness to accept the matter, the PAP attorney shall promptly confer with the incarcerated *pro se* litigant and enter a Notice of Appearance within seven (7) days of accepting the representation.

Members in good standing of the Bar of the State of North Carolina may appear for the purposes of PAP representation without associating with local counsel or paying an attorney admission fee to the Bar of this Court. By making an appearance under the PAP, such attorneys agree to abide by the Local Rules, the North Carolina Rules of Professional Conduct, and to submit themselves to this Court for the enforcement of such rules. PAP lawyers who are not also members of the WDNC Bar will be permitted to establish an ECF account with the Clerk of Court solely for purposes of PAP representation.

A PAP lawyer's representation will terminate upon docketing of the Court's order granting counsel's Motion to Withdraw.

An attorney may decline to participate in any matter under this Order for any reason. If the attorney declines to accept the representation, the attorney will remain on the panel list for future cases. No PAP lawyer will be asked to accept more than one trial per year, unless the lawyer specifically expresses his or her willingness to do so. The Clerk shall not disclose to the *pro se* party the names or contact information of the lawyers on the PAP list.

If the PAP Coordinator is unable to locate a PAP lawyer after a reasonable effort, the *pro se* litigant will be so informed by the PAP Coordinator and the matter shall proceed without a PAP lawyer.

### C. Costs and Fees

PAP counsel will not enter into any fee collection agreement or otherwise seek compensations for any representation undertaken pursuant to the PAP.

There is no statutory provision for the reimbursement of expenses, however, the Court provides reimbursement for some reasonable out-of-pocket expenses from its Attorney Admission Fee Fund (the "Fund") up to $3,000 per plaintiff, except that cap may be waived in the presence

of extraordinary circumstances. Examples of the out-of-pocket costs related to the representation that may be reimbursed by the Court include the pre-approved cost of lodging and meals (limited to actual expenses not to exceed the government *per diem* allowance for court personnel), mileage in excess of a 30 mile radius (limited to reimbursement at the then-current government rate), actual copying expenses, computerized research, deposition costs, witness fees and service of process fees, the pre-approved cost of expert witnesses, and necessary telephone calls, e-mails, and postage. Examples of costs that will not be reimbursed include staff costs (secretaries, paralegals, etc.) and overhead expenses. Receipts are required for all reimbursement requests.

January 24, 2019

Frank D. Whitney, Chief
U.S. District Judge